UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| v. | ) | Case Nos. 2:17-cr-20055-SLD & 2:21-cv- |
| | ) | 02250-SLD |
| NICHOLAS WRIGHT, | ) | |
| | ) | |
| Defendant-Petitioner. | ) | |

ORDER

Before the Court are Defendant-Petitioner Nicholas Wright's motion under 28 U.S.C.

§ 2255 ("2255 Motion"), ECF No. 27, and Rule 15 Supplemental Motion, ECF No. 28, which

the Court construes as a motion to amend pursuant to Federal Rule of Civil Procedure 15.  For

the reasons that follow, the motion to amend is GRANTED, but the 2255 Motion, as amended, is

DENIED.

**BACKGROUND**

In November 2017, Wright was charged via indictment with two counts of distribution of

five or more grams of actual methamphetamine in violation of 21 U.S.C. § 841(a)(1) and

(b)(1)(B) and one count of possession of fifty or more grams of actual methamphetamine with

intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A).  *See generally* Indictment,

ECF No. 1.  Wright retained attorney Baku Patel to represent him.  *See* Not. Appearance, ECF

No. 5.  The Government filed an information pursuant to 21 U.S.C. § 851 indicating that it

intended to rely on a prior conviction to subject Wright to an increased mandatory minimum

term of imprisonment.  *See* Am. Information, ECF No. 12.  With a prior conviction for a felony

drug offense, Wright was subject to a minimum ten-year term of imprisonment on the

distribution counts and a mandatory twenty-year (or 240-month) term of imprisonment on the

possession with intent to distribute count.  21 U.S.C. § 841(b)(1)(A), (B) (in effect Aug. 3, 2010 to Dec. 20, 2018).

Wright and the Government agreed pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that "the appropriate disposition of the case" was, as relevant here, for Wright to be sentenced to 240 months of imprisonment.  Plea Agreement ¶ 25, ECF No. 13.  United States District Judge Colin S. Bruce, then presiding over the case, accepted the agreement, and sentenced Wright to 240 months of imprisonment total—120 months on the distribution counts and 240 months on the possession with intent to distribute count to be served concurrently.  *See* June 11, 2018 Min. Entry (Bruce, J.); Judgment 1–2, ECF No. 23.  Wright did not appeal.

In October 2021, Wright filed his 2255 Motion.  He raises the following claims: 1) that 240 months was too high a sentence in his case due to the quantity and purity of the drugs involved; 2) that his "guilty plea was not knowing and intelligent because he was misinformed by the district court about the Sentencing Guideline disparity he plead[ed] to"; and 3) that Judge Bruce had a disqualifying bias or appearance of bias.  *See generally* 2255 Mot. (capitalization altered).  Subsequently, Wright filed the Rule 15 Supplemental Motion, which the Court construes as a motion to amend the 2255 Motion to include a claim that the prior conviction the Government relied on to subject him to an enhanced mandatory minimum did not qualify as a predicate conviction for a felony drug offense.  Suppl. Mot. 1–4.  The Government filed a response opposing Wright's 2255 Motion and supplemental motion, arguing that his claims have no merit and are procedurally defaulted, waived, and untimely.  *See, e.g.*, Resp. 23–25, ECF No. 29.[1]  Wright filed a reply.  Reply, ECF. No. 30.

---

[1] The Government's response is not paginated, so the Court uses the page numbers generated by CM/ECF.

## DISCUSSION

### I.    Motion to Amend

"Because the Rules Governing Section 2255 Proceedings . . . do not deal with amendments to motions for collateral review," district courts rely on Federal Rule of Civil Procedure 15 to determine whether to grant a motion to amend a § 2255 motion. *Johnson v. United States*, 196 F.3d 802, 805 (7th Cir. 1999). Under Rule 15(a)(2), the court should grant leave to amend "freely . . . when justice so requires."[2] The Court GRANTS Wright leave to amend his 2255 Motion. The Court considers the additional claim contained within the motion to supplement along with the rest of the claims contained in the 2255 Motion.

### II.    2255 Motion

#### a.    Legal Standard

A prisoner in federal custody may move the court that imposed his sentence to vacate, set aside, or correct it. 28 U.S.C. § 2255(a). "[R]elief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). Accordingly, such relief "is available only when the 'sentence was imposed in violation of the Constitution or laws of the United States,' the court lacked jurisdiction, the sentence was greater than the maximum authorized by law, or it is otherwise subject to collateral attack." *Torzala v. United States*, 545 F.3d 517, 521 (7th Cir. 2008) (quoting 28 U.S.C. § 2255(a)).

---

[2] The Rule 15 Supplemental Motion was not filed within twenty-one days of filing of the 2255 Motion, and it was filed before any responsive pleading was filed, so it could not have been filed without leave of court. *See* Fed. R. Civ. P. 15(a)(1) (allowing a party to "amend its pleading once as a matter of course no later than . . . 21 days after serving it" or "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier"); *compare* 2255 Mot. 11 (asserting that Wright placed the 2255 Motion in the mail system at his institution on October 8, 2021), *with* Suppl. Mot. 4–5 (asserting that Wright mailed the Rule 15 Supplemental Motion to the Clerk of Court using the mail system at his institution on November 9, 2021).

### b. Analysis

The Government argues that all of Wright's claims are untimely. Resp. 47. A federal

prisoner seeking to vacate his sentence under § 2255 has one year to do so, from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). "[T]he timeliness of each claim asserted in . . . a section 2255 motion . . .

must be considered independently." *Davis v. United States*, 817 F.3d 319, 328 (7th Cir. 2016)

(footnote omitted). The rule is that the one-year limitations period "generally runs from the date

on which the judgment of conviction becomes final," *Clay v. United States*, 537 U.S. 522, 524

(2003) (quotation marks omitted), unless an exception enumerated above applies to "restart[]"

the clock for a particular claim, *see Roundtree v. Krueger*, 910 F.3d 312, 314 (7th Cir. 2018).

Judgment was entered on Wright's conviction on June 18, 2018. *See* Judgment 1. His

conviction became final on July 2, 2018, when his time to appeal expired. *See* Fed. R. App. P.

4(b)(1)(A)(i); *Davis*, 817 F.3d at 327. All claims in the 2255 Motion, which was filed in October

2021, then, were filed more than one year after the judgment became final. Unless § 2255(f)(2),

(3), or (4) applies to restart the limitations period, all of Wright's claims are untimely under

§ 2255(f)(1).

Nothing in the 2255 Motion, motion to supplement, or reply suggests that § 2255(f)(2)

would apply to any claim—it only applies when the government creates an impediment that

"prevent[s] a prisoner from filing" a § 2255 motion. *See Moore v. Battaglia*, 476 F.3d 504, 506 (7th Cir. 2007) (quotation marks omitted) (addressing materially identical language in § 2244(d)(1)(B)). And none of Wright's claims are based on new rights recognized by the Supreme Court, so § 2255(f)(3) does not apply.

Wright's 2255 Motion cites § 2255(f)(4), *see* 2255 Mot. 1, so presumably he believes that his claims were timely asserted under that provision, though he makes no explicit argument to that effect. His first two claims—that his sentence was too high based on the purity and quantity of drugs involved in the offense and that his plea was not knowing and intelligent because the district court misinformed him about the Sentencing Guidelines—rely on facts that were available to him at the time of his plea and sentencing, so § 2255(f)(4) does not start a new limitations period for those claims.[3]

His judicial bias and appearance of bias claims are based on facts that likely were not available to him at the time his conviction became final in July 2018. *See* 2255 Mot. 7–11. The claims are based on *ex parte* communications between Judge Bruce and the United States Attorney's Office for the Central District of Illinois ("USAO") which became public in August

---

[3] And, in any case, those claims are plainly without merit. Wright argues that a variance to 240 months was not warranted based on the facts of the case. 2255 Mot. 5. But 240 months was the statutorily mandated minimum term of imprisonment the court could impose—it had no discretion to sentence Wright any lower. *See* 21 U.S.C. § 841(b)(1)(A), (B) (in effect Aug. 3, 2010 to Dec. 20, 2018). Moreover, the parties had agreed that 240 months was the appropriate sentence. Plea Agreement ¶ 25. Wright makes arguments about the disparity between how the Sentencing Guidelines treat actual methamphetamine and mixtures and substances containing methamphetamine, 2255 Mot. 2–4, but again, his sentence was driven by a statutory mandatory minimum, not the Guidelines. Wright's claim that his "guilty plea was not knowing and intelligent because he was misinformed by the district court about the Sentencing Guideline disparity he plead[ed] to," *id.* at 5–6 (capitalization altered), is not quite clear. If Wright is claiming that the district court failed to inform him that he was agreeing to be sentenced to a term of imprisonment above the high end of his Guidelines range, the Plea Agreement, which Wright affirmed he read, understood, and agreed to, Plea Agreement ¶ 38, shows that is not true. The Plea Agreement specifically indicated that his Sentencing Guidelines range was expected to be 151 to 188 months absent the statutory mandatory minimum term of imprisonment of 240 months. *See id.* ¶ 23. If Wright is instead arguing that the district court was supposed to inform him that some district courts decline to sentence in accordance with the Guidelines for actual methamphetamine, which are higher than the mixture and substance Guidelines, he cites no authority for that argument. The Court is not aware of any. And it is not clear why a district court would be required to inform a defendant about the way other courts choose to sentence under particular Guidelines when the defendant's Guidelines range for imprisonment is determined by a statutory mandatory minimum.

2018. *See United States v. Atwood*, 941 F.3d 883, 884–85 (7th Cir. 2019) (providing a brief explanation of the discovery and disclosure of the communications, particularly that "[i]n August 2018, a newspaper exposed that Judge Bruce had continued to communicate ex parte with his former colleagues in the [USAO]"). It is not clear when Wright actually learned about the *ex parte* communications. The Government argues that Wright was notified by letter about the communications "on or about March 19, 2019." Resp. 18. But it does not provide the Court with a copy of the actual letter sent to Wright. Instead, it provides a chart of defendants, cases, and attorneys that it presumably created—which Wright is included in—and a letter that is neither addressed nor dated. *See* Gov't App. 027–039, Resp. Ex. A, ECF No. 29-1.

In any case, the Court need not decide when Wright gained actual knowledge of the communications or precisely when he could have discovered them through the exercise of due diligence. It suffices to say that it was long before October 2020, which was one year before the 2255 Motion was filed. In May 2019, the Seventh Circuit Judicial Council released an investigative report about the allegations against Judge Bruce and publicly reprimanded Judge Bruce for his actions. *See generally In re Complaints Against Dist. Judge Colin S. Bruce*, Nos. 07-18-90053, 07-18-90067 (7th Cir. Jud. Council May 14, 2019), http://www.ca7.uscourts.gov/judicial-conduct/judicial-conduct_2018/07_18-90053_and_07-18-90067.pdf. In October 2019, the Seventh Circuit issued the decision in *Atwood*, finding that a defendant was entitled to be resentenced based on the *ex parte* communications. *Atwood*, 941 F.3d at 884. The Seventh Circuit subsequently issued two additional decisions centering on the *ex parte* communications prior to October 2020. *See generally United States v. Williams*, 949 F.3d 1056 (7th Cir. 2020) (decided February 11, 2020); *United States v. Orr*, 969 F.3d 732 (7th Cir. 2020) (decided August 10, 2020). Because Wright did not file his judicial bias and

appearance of bias claims within one year of when he could have discovered existence of Judge Bruce's *ex parte* communications, they are untimely.

Wright's last claim is based on *United States v. Ruth*, 966 F.3d 642, 648–50 (7th Cir. 2020), in which the Seventh Circuit concluded that a defendant's Illinois cocaine conviction was not a predicate felony drug offense triggering a sentencing enhancement under 28 U.S.C. § 841(b)(1)(C) because Illinois's statutory definition of cocaine includes cocaine isomers not included in the federal definition.  A judicial decision—other than in a petitioner's own litigation history—is not a new fact contemplated by § 2255(f)(4).  *Sanchez v. United States*, No. 3:22-CV-1400-NJR, 2022 WL 17851624, at *2 (S.D. Ill. Dec. 22, 2022) (reaching this conclusion with respect to *Ruth*); *United States v. Hayes*, No. 19 C 50104, 2020 WL 2112367, at *2 (N.D. Ill. May 4, 2020) ("Section 2255(f)(4) . . . is not triggered when a petitioner discovers or understands a new legal decision or theory."); *cf. Lo v. Endicott*, 506 F.3d 572, 575–76 (7th Cir. 2007) (finding a "state court decision modifying substantive law" did not constitute a "fact[]" for purposes of 28 U.S.C. § 2244(d)(1)(D) unless it was in the prisoner's "own litigation history" as a determination otherwise would "swallow up the specifically delineated limitation" in 28 U.S.C. § 2244(d)(1)(C) for "constitutional right[s] recognized by the Supreme Court").  Therefore, the issuance of *Ruth* was not a new fact allowing Wright to rely on § 2255(f)(4).  (And even if it were, Wright's claim was filed more than one year after *Ruth* was decided on July 20, 2020.  *See Ruth*, 966 F.3d at 642.)

Because the Court finds that all of Wright's claims were filed beyond the one-year statute of limitations provided for in § 2255(f), it need not address the Government's other arguments.

### III.     Certificate of Appealability

When a district court enters a final order adverse to an applicant, it must issue or deny a certificate of appealability.  Rule 11(a), Rules Governing § 2255 Proceedings.  Where the "court denies a habeas [claim] . . . on procedural grounds without reaching the prisoner's underlying constitutional claim," the court may grant a certificate of appealability only if the petitioner makes a substantial showing of the denial of a constitutional right and "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The Court's procedural ruling is not debatable, so it denies a certificate of appealability.

### CONCLUSION

Accordingly, Defendant-Petitioner Nicholas Wright's Rule 15 Supplemental Motion, ECF No. 28, which the Court construes as a motion to amend pursuant to Federal Rule of Civil Procedure 15, is GRANTED.  His motion under 28 U.S.C. § 2255, ECF No. 27, as amended, is DENIED because all of his claims are untimely.  The Clerk is directed to enter judgment on the 2255 proceeding and close the accompanying civil case, No. 2:21-cv-02250-SLD.

Entered this 18th day of March, 2025.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE

8